UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.:   **ED CV 14-01922-VBF**              Dated:       June 29, 2015

Title:   ***James Ignatius Diamond, Plaintiff v. County of Riverside Sheriff's Department (Obligee),*** *Trustee John Doe Deputy Sheriff, Trustee Jane Doe Deputy Sheriff, John Doe Towing Company, and John Doe-Owner (of Trucking Co), and Does 1-50 Trustees, Defendants*

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, SENIOR U.S. DISTRICT JUDGE

N/A                                             N/A
Courtroom Deputy                                Court Reporter

ATTORNEYS PRESENT FOR APPELLANT         ATTORNEYS PRESENT FOR APPELLEES

N/A                                             N/A

**PROCEEDINGS (IN CHAMBERS):   ORDER**   **Denying as Moot Document 41, the Federal Defendants' Motion to Dismiss the First Amended Complaint ("FAC");**

**Terminating the Federal Defendants and State Defendants as Parties due to Their Absence from the Second Amended Complaint ("SAC");**

**Reinstating as Defendants the County of Riverside Sheriff's Department, Deputy Sheriff John Doe, and Deputy Sheriff Jane Doe;**

**Granting Plaintiff Leave to File a 3d Amended Complaint No Later Than July 31, 2015;**

**Vacating the July 27, 2015 Hearing Which the Riverside County Sheriff's Dep't Previously Noticed on Its Motion to Dismiss the SAC**

MINUTES FORM 90                              Initials of Deputy Clerk    jmb
CIVIL - GEN

This is a non-prisoner civil-rights action pursuant to 42 U.S.C. §1983. Before the issuance of today's order, the defendants listed on the docket sheet may be separated for convenience into three groups of specifically named defendants, each of which is represented by common counsel: nine Federal Defendants, seven State Defendants, and two County Defendants. Plaintiff recently filed a second amended complaint ("SAC"). For reasons that follow, the Court will deny as moot the Federal Defendants' motion to dismiss the First Amended Complaint ("FAC") and terminate both the Federal Defendants and the State Defendants as parties due to their absence from the SAC. Finally, the Court will grant plaintiff leave to file a Third Amended Complaint which asserts all claims he wishes to assert against the Federal, State, or County Defendants, or any other parties.

<u>Plaintiffs' Filing of the SAC Renders Moot the Federal Defendants' Motion to Dismiss the FAC</u>

Plaintiff filed the original complaint in September 2014, *see* CM/ECF Document ("Doc") 1, and the FAC (Doc 7) in November 2014. The nine federal defendants – the United States, the United States Department of Justice, Eric Holder Junior, Andrew Birotte Junior, the Federal Bureau of Investigation, FBI Director James Comey, Justin Kempf, John Koskinen, and the Internal Revenue Service – jointly filed a motion to dismiss the FAC (Doc 41) on April 23, 2015; plaintiff timely filed an opposition brief on June 3, 2015 (Doc 46); and the federal defendants filed a reply brief on June 18, 2015 (Doc 53).

On June 17, 2015, however, plaintiff filed a Second Amended Complaint ("SAC") (Doc 54) as permitted by this Court's May 14, 2015 Order (Doc 45). **When the SAC was filed, it superseded the FAC.** *See Pac. Bell Tel. Co. v. Linkline Comms., Inc.*, 555 U.S. 438, 456 n.4, 129 S. Ct. 1109, 1123 n.4 (2009) ("Normally, an amended complaint supersedes the original complaint.") (citation omitted). As the Ninth Circuit has said, "[a]s a general rule, when a plaintiff files an amended complaint, the amended complaint supercedes [sic] the original, the latter being treated thereafter as non-existent." *Cano v. Taylor*, 739 F.3d 1214, 1220 (9th Cir. 2014) (quoting *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (internal quotation marks and citations omitted)).

**Accordingly, the FAC no longer exists, and the Federal Defendants' motion to dismiss the now-nonexistent FAC is moot.** *See Petrus v. NY Life Ins. Co.*, 2015 WL 3796221, *1 (S.D. Cal. June 18, 2015) ("As the FAC superseded the initial Complaint, those motions to dismiss the initial Complaint are TERMINATED as MOOT."); *Harris v. United States*, 2012 WL 7845600 (C.D. Cal. Dec. 21, 2012) (Valerie Baker Fairbank, J.);

accord *Glass v. Kellogg Bakery, Confectionery, Tobacco Workers & Grain Millers Pension Plan*, 2009 WL 2567191, *1 (W.D. Mich. Aug. 17, 2009) (Paul Lewis Maloney, C.J.) ("Glass amended the complaint . . . , and this Court denied as moot the motion to dismiss the original complaint.") (citation omitted); *Cedar View, Ltd. v. Colpetzer*, 2006 WL 456482, *1 n.1 (N.D. Ohio Feb. 24, 2006) (Ann Aldrich, J.) ("Two other motions pending before the court . . . are denied as moot, as they refer to a version of the complaint that has since been replaced.").

The SAC Fails to Name the Federal and State Defendants as Defendants, so They Are Terminated

**Moreover, in the SAC, the plaintiff no longer names any of the Federal Defendants or any of the State Defendants as defendants. Accordingly, the Court will direct the Clerk's Office to terminate the nine Federal Defendants and the seven State Defendants as parties defendant in this matter.** *See, e.g., Asberry v. Beard*, 2014 WL 3943549, *3 n.3 (S.D. Cal. Aug. 12, 2014) ("While Plaintiff's original Complaint included . . . claims against Defendant Denbella and an additional unnamed John Doe doctor, his Second Amended Complaint does not name those parties; therefore, any purported claim against them has been waived.") (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived.")).

An Amended Complaint May NOT Incorporate by Reference Anything from a Prior Complaint

Finally, the Court notes that plaintiff is proceeding *pro se*. The Court would further note that its May 14, 2015 Order (Doc 45) granted the *County* Defendants' motion to dismiss the FAC as to them pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for failure to satisfy the notice-pleading standard and failure to state a claim on which relief could be granted. That same May 14, 2015 Order granted plaintiff leave to amend his complaint if he wished to rectify the deficiencies in his claims against the County Defendants. The Order did not prohibit plaintiff from asserting the same claims, or additional claims, against the other parties he had named as defendants in the FAC (including the Federal and State Defendants).

The Court surmises that as a layman, plaintiff may have misunderstood the scope of the leave to amend being granted; that is, plaintiff may have thought that his second amended complaint should merely plead an improved version of claims against the County Defendants and did not need to include any claims against the

Federal and State Defendants or other parties. The Court bases this surmise on plaintiff's statement, at the outset of the SAC, that "This Second-Amended-Complaint incorporates all of the allegations, exhibits, and Schedules-C, D and E of the First-Amended-Complaint that have been submitted in this case." SAC (Doc 54) at 2. The Court will advise plaintiff that an amended pleading must be complete in and of itself, and any amended complaint which he files must <u>not</u> rely on or purport to incorporate any material from earlier versions of the complaint. *See* C.D. Cal. Local Civil Rule 15-2, Complete Document ("Every amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading."). As Judge Corley of our circuit recently admonished a *pro se* civil-rights plaintiff under similar circumstances:

> Because an amended complaint completely replaces the original complaint, . . . , plaintiff may not incorporate material from the original by reference. That is, he must include the claims against the other defendants in any amended complaint, and if he does not, those claims will . . . no longer be part of this case.

*Parsons v. Alameda Cty. Sheriff's Dep't*, 2015 WL 3866098, *2 (N.D. Cal. June 22, 2015) (Jacqueline Scott Corley, M.J.) (internal citation omitted); *see also Banks v. Doe*, 2013 WL 812623, *4 (C.D. Cal. Mar. 5, 2013) (Jay Gandhi, M.J.) ("The First Amended Complaint may not incorporate any part of the Complaint by reference."). In other words, "'[i]n an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.'" *Aguilar v. County of Riverside*, 2014 WL 1795204, *7 n.2 (C.D. Cal. Apr. 25, 2014) (Fairbank, J.) (quoting *Willis v. Beard*, 1416342, *4 (E.D. Cal. Apr. 14, 2014)).

## ORDER

The Federal Defendants' April 23, 2015 motion to dismiss the FAC **[Doc #41] is DENIED as moot**.

**The Clerk of Court SHALL TERMINATE the following nine parties, referred to as "the Federal Defendants", as parties defendant herein**:

MINUTES FORM 90  
CIVIL - GEN

Initials of Deputy Clerk ___jmb___

- "United States (Trust Obligor)"
- "Department of Justice (Obligee) doing business as Attorney General"
- "Eric Holder, Jr. (Trustee 1) doing business as Attorney General"
- "Andre Birotte, Jr. (Trustee 2), United States Attorney for the Central District of California"
- "Federal Bureau of Investigation (Obligee)"
- "James B. Comey (Trustee 3)"
- "Justin Kempf (Trustee 4) doing business as Special Agent"
- "Internal Revenue Service (Obligor)"
- "John Koskinen (Trustee 5) doing business as Commissioner IRS"

**The Clerk of Court SHALL TERMINATE the following seven parties, referred to as "the State Defendants", as parties defendant herein**:

- "State of California (Obligor)"
- "Edmund G. Brown, Jr. (Trustee 6) also known as Jerry Brown"
- "California Franchise Tax Board (Obligee)"
- "John Chiang (Trustee 7)"
- "California Department of Motor Vehicles (Obligee)"
- "George Valverde (Trustee 8)"
- "Kamala D. Harris (Trustee 9)"

The Second Amended Complaint is not affected by this Order and it remains pending against the parties named in the caption of the Second Amended Complaint.

The County of Riverside Sheriff's Department's June 26, 2015 motion to dismiss the second amended complaint is not affected by this order and it remains pending.

**The Clerk of Court SHALL REINSTATE the following three parties, referred to as "the County Defendants", as parties defendant herein:**

MINUTES FORM 90                                    Initials of Deputy Clerk ___jmb___
CIVIL - GEN

- County of Riverside Sheriff's Department
- "Trustee John Doe Deputy Sheriff"
- "Trustee Jane Doe Deputy Sheriff"

The Clerk's Office **SHALL NOT** reinstate Stanley Sniff as a party defendant.[1]

**No later than Friday, July 31, 2015, plaintiff MAY FILE a Third Amended Complaint.** Any such Third Amended Complaint must assert all claims against any and all persons and entities against whom he wishes to seek relief herein. *See East v. San Bernardino Cty. Sheriff's Dep't*, 2010 WL 2805837, *3 (C.D. Cal. June 7, 2010) (George Wu, J.) ("The Third Amended Complaint shall be complete in itself and shall not refer in any manner to any prior Complaint."). **Plaintiff is warned that any claim, allegation, party, or exhibit not included in or attached to any Third Amended Complaint will not be part of this case.** *See Coston-Moore v. Medina*, 2010 WL 5418240, *1 (E.D. Cal. Dec. 23, 2010) (Raner Collins, J.) ("All grounds alleged in the original Complaint that are not alleged in the amended complaint will be waived.") (citing *King*, 814 F.2d at 567, and *Hal Roach Studios v. Richard Feinder & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990)).

**Barring truly extraordinary circumstances, plaintiff should not expect the Court to grant him leave to amend the complaint again after that.** *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").[2]

---

[1] Stanley Sniff, Riverside County Sheriff, was named as a defendant in the First Amended Complaint but was dismissed by a prior Order of this Court. Plaintiff states as follows in the Second Amended Complaint (Doc 54) at 2: "the Defendant-Trustee Stanley Sniff Sheriff has been eliminated as Defendant on [sic] this Second-Amended-Complaint[.]"

[2] *See, e.g., Sandoval v. County of Sonoma*, 2015 WL 1926269, *1 (N.D. Cal. Apr. 27, 2015) (Thelton Henderson, Sr. J.) (noting that after granting plaintiffs leave to file a third amended complaint, the Court had "advised Plaintiffs that 'no further amendment shall be granted absent extraordinary circumstances'"); *East v. San Bernardino Cty. Sheriff's Dep't*, 2010 WL 2805837, *3 (C.D. Cal. June 7, 2010) (George Wu, J.) ("Absent extraordinary circumstances, this leave to amend will be Plaintiff's last opportunity to file an amended complaint

**If plaintiff chooses not to file a Third Amended Complaint, he must respond to the County of Riverside Sheriff's Department's June 26, 2015 motion to dismiss the Second Amended Complaint (Doc 57) or risk the granting of that motion as unopposed.**

**The July 27, 2015 hearing** which the County of Riverside Sheriff's Department noticed on its motion to dismiss the SAC **is VACATED.**

This is <u>not</u> a final and immediately appealable order, because it does not dispose of all claims, issues, and defenses as to all parties.

IT IS SO ORDERED.

---

complying with this Court's orders."); *cf. Chandler v. Walker*, 2011 WL 5290151, *2 (E.D. Cal. Nov. 2, 1991) (Carolyn Delaney, M.J.) ("[A]bsent extraordinary circumstances, plaintiff will not be granted leave to amend again and failure to file a third amended complaint in accordance with this order will result in a recommendation that this action be dismissed.").

| | |
|---|---|
| MINUTES FORM 90<br>CIVIL - GEN | Initials of Deputy Clerk ___jmb___ |